■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MATT DAVIS, Also Known as ABRAHAM BRYANT, Appellant.— Judgment, Supreme Court, New York County, rendered on November 24, 1970, convicting the defendant, upon his plea of guilty of attempted rape in the first degree, and sentencing him to an indeterminate term of imprisonment not to exceed five years, affirmed. This record discloses that, before sentencing the defendant, the court explained to him that he could either have the substitute counsel, who was the attorney for the codefendant, represent him, or else adjourn the sentence until the lawyer who appeared for him earlier could be present. The defendant chose to have his codefendant's counsel speak for him. The dissent calls attention to the statement of said counsel that she "couldn't really say very much". When one considers the previous convictions of the defendant and the fact that he was charged, in two indictments, comprising a total of 10 counts, with rape, sexual abuse, robbery, grand larceny and possessing a weapon, it is understandable that counsel could not say very much for him, not because she did not know anything about him, but, rather, because she knew the details of the case and his background too well to be able to say very much in his behalf. Concur — Stevens, P. J., McGivern, Kupferman and Capozzoli, JJ.; Murphy, J., dissents in the memorandum following the disposition of *People* v. *Davis* (38 A D 2d 799).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MATT DAVIS, Also Known as ABRAHAM BRYANT, Appellant.— Order, Supreme Court, New York County, entered on March 30, 1971, denying defendant's application for a writ of error *coram nobis* affirmed for the reasons stated in the decision at Trial Term. Concur — Stevens, P. J., McGivern, Kupferman and Capozzoli, JJ.; Murphy, J., dissents in the following memorandum: The sentencing of this defendant should have awaited his counsel. The defendant's representation by his codefendant's counsel was the same as no representation. It was conceded that counsel couldn't "really say very much" for this defendant, not having his file or ever having spoken to him or knowing of his claim of prior invalid convictions. Right to counsel does not mean the mere physical presence

of a lawyer in a courtroom. I would vacate the sentence and remand for resentence and otherwise affirm.